101 N.J. Super. 310 (1968)
244 A.2d 316
DONALD S. BEAN, PLAINTIFF-APPELLANT,
v.
JUNE STRELECKI, DIRECTOR OF THE DIVISION OF MOTOR VEHICLES IN THE DEPARTMENT OF LAW AND PUBLIC SAFETY OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 27, 1968.
Decided June 13, 1968.
*312 Before Judges SULLIVAN, FOLEY and LEONARD.
Mr. Laurence B. Orloff argued the cause for plaintiff-appellant (Messrs. Greene & Orloff, attorneys).
Mr. Thomas J. Savage, Deputy Attorney General, argued the cause for defendant-respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by LEONARD, J.A.D.
Because of plaintiff's refusal to submit to a chemical breath test the Director of Motor Vehicles ordered plaintiff's driving privileges suspended for six months. N.J.S.A. 39:4-50.2; N.J.S.A. 39:4-50.4. From that determination plaintiff appeals.
Plaintiff was apprehended on November 22, 1966 for drivng under the influence of intoxicating liquor. N.J.S.A. 39:4-50(a). At the time of his arrest the police requested that plaintiff submit to a chemical breath test. Plaintiff admittedly refused to comply. On December 27, 1966 plaintiff was convicted of drunken driving in the Weehawken Municipal Court. That court, in addition to imposing a fine, suspended plaintiff's driver's license for two years.
On October 26, 1967 the Director, after a departmental hearing, found that plaintiff had refused to submit to the breath test and ordered his driving privileges suspended for six months. This suspension was to run consecutively to the previously imposed two-year suspension for violation of N.J.S.A. 39:4-50(a). Thus the suspensions imposed upon plaintiff totaled "two years and six months from December 27, 1966."
*313 On appeal plaintiff first contends that N.J.S.A. 39:4-50.4 requires revocation "for a period of six months from the date of the Director's determination," and therefore the Director exceeded her powers in attempting to run the suspension from the expiration of the two-year suspension imposed by the municipal court. Thus, plaintiff argues that the Director should have caused the N.J.S.A. 39:4-50.4 suspension to commence on October 26, 1967, even though this would result in the second suspension running concurrently with the one first imposed.
Plaintiff alternatively argues that at the very least the Director, in her discretion, could have ordered the six-month suspension to run concurrently with the court imposed two-year suspension. Accordingly, he asserts that the Director acted arbitrarily and capriciously in refusing to exercise this discretion.
N.J.S.A. 39:4-50.4 in pertinent part provides as follows:
"* * * If after a hearing the Director shall find against the person on such issues, he shall revoke such person's license * * * for a period of 6 months from the date of the director's determination. * * * Such revocation shall be independent of any revocation imposed by virtue of a conviction under the provisions of section 39:4-50 of the Revised Statutes." (Emphasis added)
In construing this statute we must give effect to the overriding plan or purpose of the Legislature as fairly expressed in its language. We must seek to avoid an interpretation that will render any part of the enactment "inoperative, superfluous or meaningless." See O'Rourke v. Board of Review, 24 N.J. 607, 610-611 (1957); State v. Congdon, 76 N.J. Super. 493, 500 (App. Div. 1962).
N.J.S.A. 39:4-50.2, the implied consent law, was promulgated to aid our courts and law enforcement agencies in the development of objective scientific evidence of intoxication. N.J.S.A. 39:4-50.4 was enacted to further this purpose by inducing a motorist suspected of driving while under the influence of alcohol to submit to objective analysis of his intoxication level.
*314 If this latter statute were construed in conformity with either of plaintiff's alternative contentions a driver convicted of drunken driving who did not submit to the chemical test might receive no greater punishment than a convicted driver who had compiled with the police requests. Such interpretation would encourage motorists arrested for this serious offense to refuse to submit to the relevant tests. This would result in the defeat of the laudatory Legislative aim.
Moreover, to adopt either of plaintiff's interpretations would render the last sentence of N.J.S.A. 39:4-50.4 inoperative and meaningless. Had the Legislature intended a suspension under this statute to run concurrently with one imposed under N.J.S.A. 39:4-50, it surely would not have made a revocation under the former "independent of any revocation imposed by virtue of a conviction under the provisions of" the latter. Thus we construe N.J.S.A. 39:4-50.4 to mandate that the six-month suspension imposed by the Director for nonsubmission to the chemical test be in addition to any suspension imposed by virtue of a conviction under N.J.S.A. 39:4-50. Therefore, in the circumstances here present, we hold that the Director had no discretion. She could only impose a suspension consecutive to the court imposed two-year revocation.
Defendant finally contends that the implied consent law as here applied violates his right against self-incrimination as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. This point has no merit. See Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); State v. Kenderski, 99 N.J. Super. 224, 228-229 (App. Div. 1968); State v. Swiderski, 94 N.J. Super. 14, 20-23 (App. Div. 1967).
Judgment affirmed.