STATE OF NEW JERSEY, PLAINTIFF, v. WILLIAM ROUGHT, DEFENDANT.

Superior Court of New Jersey
Law Division Ocean County

Decided September 8, 1987.

*Samuel Marzarella* for plaintiff (*James W. Holzapfel,* Ocean County Prosecutor, attorney).

*Adolph V. Carbone* for defendant.

PEPE, J.S.C.

On March 27, 1987 defendant, William Rought, was stopped by Patrolman Thomas Quinn of the Manchester Township Police Department and charged with violation of *N.J.S.A.* 39:4–50, driving while intoxicated, and *N.J.S.A.* 39:3–40, driving while revoked. The testimony below indicates that defendant has at least five prior convictions for both *N.J.S.A.* 39:3–40 and *N.J. S.A.* 39:4–50. Defendant pled guilty to both charges whereupon the Manchester Township Municipal Court imposed sentence as follows: 1) as to *N.J.S.A.* 39:4–50, ten (10) years suspended driving privileges, a $1,000 fine, $15 court costs, $100 drinking driving enforcement penalty and 180 days in the Ocean County Jail; and 2) as to *N.J.S.A.* 39:3–40, a $1,000 fine, $15 court costs, and pursuant to paragraph (e) of *N.J.S.A.* 39:3–40, an additional $500 fine, $15 court costs, suspension of driving privileges for an additional two years and 90 days in the Ocean County Jail to run concurrently with the 180–day term already imposed.

Defendant raises two issues on appeal. Primarily, he asserts that the municipal court erred in imposing two separate penalties for violation of *N.J.S.A.* 39:3–40, one pursuant to paragraph (c) and the other pursuant to the language following "Notwithstanding" in paragraph (e). Defendant contends that, in the case of a conviction under *N.J.S.A.* 39:3–40, where an individual's license has been revoked pursuant to *N.J.S.A.* 39:4–50, the penalties set forth in the final portion of part (e) are intended to supercede those penalties set forth in the balance of the statute, thereby representing the entirety of the punishment that is authorized. Defendant's second assertion is that he is entitled to a credit against his 180–day jail term for time served in an inpatient alcoholic program. This court finds that the imposition of two separate fines under *N.J.S.A.* 39:3–40 was improper and that defendant is further entitled to a suspension of the 180–day jail term conditioned upon his successful completion of 90 days inpatient alcoholic treatment and 90 days community service.

## I.

■ The primary issue in this case is one of statutory interpretation. *N.J.S.A.* 39:3–40 states, in pertinent part:

A person violating this section shall be subject to the following penalties:

a. Upon conviction for a first offense, a fine of $500.00;

b. Upon conviction for a second offense, a fine of $750.00 and imprisonment in the county jail for not more than five days;

c. Upon conviction for a third offense, a fine of $1,000.00 and imprisonment in the county jail for 10 days;

d. Upon conviction, the court shall impose or extend a period of suspension not to exceed six months;

e. Upon conviction, the court shall impose a period of imprisonment for not less than 45 days, if while operating a vehicle in violation of this section a person is involved in an accident resulting in personal injury *to another person.*

Notwithstanding paragraphs a. through e., any person violating this section while under suspension issued pursuant to R.S. 39:4–50, upon conviction, shall be fined $500.00, shall have his license to operate a motor vehicle suspended for an additional period of not less than one year nor more than two years, and may be imprisoned in the county jail for not more than 90 days.

Defendant contends that the language following "Notwithstanding" in paragraph (e) imposes penalties that are substitutes for those otherwise authorized by the statute, but only when an individual is convicted of driving while on the revoked list when such revocation results from a conviction of driving while intoxicated. The municipal court apparently interpreted *N.J.S.A.* 39:3–40 so that the penalties authorized by paragraphs (a)–(d) are applicable to *all* defendants convicted of driving while on the revoked list, whether or not such revocation was because of a driving while intoxicated conviction, and in addition, paragraph (e) following "Notwithstanding" imposes *added* penalties for an individual who is convicted of driving while his license has been revoked because of driving while intoxicated. It is clear from the legislative history of the statute that defendant's is the proper interpretation of *N.J.S.A.* 39:3–40.

It is well settled that in matters of statutory construction, our primary obligation is to seek and effectuate the legislative intent. *State v. Carlos,* 187 *N.J.Super.* 406, 414 (App.Div. 1982). When all is said and done, the matter of statutory construction will not justly turn on literalism, technisms or the so-called rules of interpretation. *Bomse v. Mullin,* 183 *N.J.Super.* 431 (App.Div.1982). Rather, we must construe the statute in a commonsense fashion consonant with the legislative design. *State v. Scioscia,* 200 *N.J.Super.* 28, 38 (App.Div.1985).

In 1982 *N.J.S.A.* 39:3–40 was amended to bring it substantially in conformity with its current version. Paragraphs (a)–(c) were added to impose progressively greater penalties for second- and third-time offenders. Paragraph (d) was also added allowing the court to impose a period of suspension of driving privileges of up to six months. At that time, the following language was also inserted as the second paragraph of part (e):

> Notwithstanding paragraphs a. through e., any person violating this section while under a suspension issued pursuant to R.S. 39:4–50 shall be subject upon conviction to a fine of $500.00, imprisonment in the county jail for 90 days, and

an additional suspension of the license to operate a motor vehicle for a period of 5 years.

As is evident from the foregoing reproduction of the 1982 version of *N.J.S.A.* 39:3–40, the language of paragraph (e) following "Notwithstanding" owes its genesis to the 1982 amendment.

Both the Senate and Assembly issued statements concerning the 1982 amendment. In its statement to the Senate, No. 904, the Senate Law, Public Safety and Defense Committee explained, "Anyone whose license has been revoked for drunken driving and who is convicted of driving on the revoked list would be fined $500.00, imprisoned for 90 days, and suspended for 5 years." *N.J.S.A.* 39:3–40 (West 1982; repealed). Additionally, the Assembly Committee on Law, Public Safety, and Defense, in its May 3, 1982 statement regarding *N.J.S.A.* 39:3–40, stated, "Anyone who is convicted of driving on the revoked list who is revoked for drunken driving would be fined $500.00, imprisoned for 90 days and be suspended for 5 years." *N.J.S. A.* 39:3–40 (West 1982; repealed).

Nowhere in the official statements by either the Senate committee or the Assembly committee does there appear any suggestion that the "Notwithstanding" paragraph was intended to impose additional rather than substitute penalties. If additional penalties were intended, the most plausible way of expressing such intent in the legislative statement would have been to say "would be fined *an additional* $500.00" instead of "would be fined $500.00." The legislative history of *N.J.S.A.* 39:3–40 subsequent to the 1982 amendment supports defendant's interpretation as well.

In 1983 the "Notwithstanding" paragraph of *N.J.S.A.* 39:3–40(e) was amended so that its language was identical to the present version of the statute. The only change resulting from the 1983 amendment was that instead of authorizing a five-year suspension of driving privileges, it now authorized such a suspension for a period of one to two years. Yet, there exists no official statement regarding the 1983 amendment that con-

tradicts the clear legislative objectives set forth in the 1982 statements. In fact, since 1982, there has been no further explication of the *N.J.S.A.* 39:3–40 statutory scheme. This court, therefore, finds that the statements following the 1982 amendment accurately portray the legislative intent in the enactment of *N.J.S.A.* 39:3–40.

Accordingly, this court holds that in the case of an individual convicted under *N.J.S.A.* 39:3–40 whose license has been revoked under *N.J.S.A.* 39:4–50, the punishment authorized by the language following "Notwithstanding" in paragraph (e) of *N.J.S.A.* 39:3–40 shall be imposed instead of the punishment authorized by paragraphs (a)–(d) of the statute.

In the present case, the municipal court sentenced defendant pursuant to an erroneous interpretation of *N.J.S.A.* 39:3–40. The sentence imposed by the municipal court must therefore be vacated. Under *N.J.S.A.* 39:3–40 the imposition of two fines was improper and, accordingly, defendant may only be fined $500 and not $1500. The suspension of driving privileges for two years and the 90–day term of incarceration were proper, based upon defendant's prior record.

## II.

As to defendant's second issue, that he is entitled to a credit against the 180–day jail term imposed by the municipal court pursuant to *N.J.S.A.* 39:4–50, defendant must also prevail. *N.J.S.A.* 39:4–50 states in pertinent part:

> (3) For a third or subsequent violation, a person shall be subject to a fine of $1,000.00, and shall be sentenced to imprisonment for a term of not less than 180 days, except that the court may lower such term for each day, not exceeding 90 days, served performing community service in such form and on such terms as the court shall deem appropriate under the circumstances and shall thereafter forfeit his right to operate a motor vehicle over the highways of this State for 10 years.
>
> If the driving privilege of any person is under revocation or suspension for a violation of any provision of this Title at the time of any conviction for a violation of this section, the revocation or suspension period imposed shall commence as of the date of termination of the existing revocation or suspension period. A court that imposes a term of imprisonment under this section may

sentence the person so convicted to the county jail, to the workhouse of the county wherein the offense was committed, to an inpatient rehabilitation program or to an Intoxicated Driver Resource Center or other facility approved by the Director of the Division of Alcoholism in the Department of Health; provided that for a third or subsequent offense a person shall not serve a term of imprisonment at an Intoxicated Driver Resource Center as provided in subsection (f).

It is clear that the sentencing judge retains the authority to require part or all of the sentence imposed to be served performing community service, in the county workhouse, or in an inpatient rehabilitation program.

As this is a trial *de novo*, and after careful review of defendant's prior driving record, the relevant statutes, and oral argument of counsel, the sentence of the municipal court shall be vacated and the following sentence for violation of both *N.J.S.A.* 39:3–40 and *N.J.S.A.* 39:4–50 is hereby imposed:

1) as to *N.J.S.A.* 39:4–50, ten years suspended driving privileges, a $1,000 fine, $15 court costs, $100 mandatory drinking driving enforcement penalty and a term of imprisonment of 180 days, 90 days of which are to be served performing community service with the other 90 days to be served in an inpatient rehabilitation program;

2) as to *N.J.S.A.* 39:3–40, a $500 fine, $15 court costs, suspension of driving privileges for an additional two years, and a 90–day term of imprisonment.