STATE OF NEW JERSEY, PLAINTIFF, v. EDWARD J. WALSH, DEFENDANT.

New Jersey Superior Court
Law Division Burlington County

Decided August 3, 1989.

repaid first and Gwendolyn Smith shall remain liable for the other money illegally obtained.

*Deborah A. Siegrist,* for plaintiff (*Stephen G. Raymond,* Prosecutor of Burlington County, attorney).

*John C. Grady,* for defendant (*Archer & Greiner,* attorneys).

HAINES, A.J.S.C.

Edward J. Walsh was convicted in the municipal court below of driving while intoxicated ("DWI"), contrary to *N.J.S.A.* 39:4–50, a second offense, and of driving when his license was revoked, contrary to *N.J.S.A.* 39:3–40, a charge based upon a license suspension which resulted from his first DWI conviction. He appeals his sentences only.[1]

The municipal court imposed the following penalties:

for violating *N.J.S.A.* 39:4–50—

$750 fine,

$100 drunk driving enforcement fund,

$15 costs,

2 years revocation of driving privileges,

30 days community service,

90 days in jail, suspended, on the condition that Walsh complete any program of treatment ordered by an intoxicated driver resource center ("I.D.R.C.") and

48 hours I.D.R.C., and

for violating *N.J.S.A.* 39:3–40—

$500 fine

$15 costs

30 months revocation of driving privileges

90 days jail time, suspended, on condition of completion of any program of treatment ordered by an I.D.R.C.

The sentences imposed under both statutes require some modification.

---

[1]This opinion memorializes a bench decision.

### A. *The penalties for violating N.J.S.A. 39:4-50.*

All penalties imposed are correct except the 90–day suspended jail sentence and I.D.R.C. participation condition. *N.J.S.A.* 39:4-50(a)(2) provides:

> For a second violation, a person shall be subject to a fine of not less than $500.00 or more than $1000.00 and shall be ordered by the court to perform community service for a period of 30 days which shall be of such form and on such terms as the court deems appropriate under the circumstances, and shall be sentenced to imprisonment for a term of not less than 48 consecutive hours, which shall not be suspended or served on probation, nor more than 90 days, and shall forfeit his right to operate a motor vehicle over the highways of this state for a period of two years upon conviction....

> . . . .

> A court that imposes a term of imprisonment under this section may sentence the person so convicted to the county jail, to the workhouse of the county wherein the offense was committed, to an inpatient rehabilitation program or to an Intoxicated Driver Resource Center or other facility approved by the Director of the Division of Alcoholism in the Department of Health....

■ This is a quasi-criminal statute, to be strictly construed. *State v. Maguire,* 84 *N.J.* 508 (1980). That part of the statute which requires an offender to be "sentenced to imprisonment for a term of not less than 48 consecutive hours, which shall not be suspended or served on probation, nor more than 90 days," prohibits suspension or probation only with respect to the first 48 hours of a prison term. That prohibition, however, is modified by the later provision which authorizes the service of prison terms in places which are not prisons, *e.g.,* an I.D.R.C. and an inpatient rehabilitation facility.

■ The 90–day prison term imposed upon Walsh was therefore proper but 48 hours of it could not have been suspended. The court, in addition to imposing the 90–day suspended sentence, required Walsh to participate in an I.D.R.C. program. A sentence to jail *and* to the I.D.R.C. was not permissible. The statute authorizes a sentence "to the county jail ... *or* to an Intoxicated Driver Resource Center." *N.J.S.A.* 39:4-50(a)(2); emphasis supplied. In addition, there was no basis for imposition of the 48–hour I.D.R.C. sentence. It was repetitious; all

I.D.R.C. requirements were covered by the open-ended sentence to its program.

■ Walsh participated in an inpatient rehabilitation program for 38 days after his conviction below. The appropriate sentence here, in view of that treatment, undertaken voluntarily while Walsh's appeal was pending, and the satisfactory report from the treating facility, is to time served. The 38–day inpatient experience is more severe than the 90–day suspended sentence imposed below and the I.D.R.C. sentence which could have been served on an outpatient basis. No I.D.R.C. program requirement is imposed here since those centers are operating under rules which have never been published as required by statutory and constitutional due process requirements. An I.D.R.C. sentence is therefore improper. *State v. Leary*, 232 *N.J.Super.* 358 (Law Div.1989).

B. *The penalties for violating N.J.S.A. 39:3–40.*

■ *N.J.S.A.* 39:3–40, in pertinent part, provides:

Notwithstanding subsections a. through e., any person violating this section while under suspension issued pursuant to *R.S.* 39:4–50, upon conviction, shall be fined $500.00, shall have his license to operate a motor vehicle suspended for an additional period of not less than one year nor more than two years, and may be imprisoned in a county jail for not more than 90 days.

The reference to "subsections a. through e." are to other penalty sections of the statute which do not apply. Walsh's license had been revoked by reason of a violation of *N.J.S.A.* 39:4–50. The penalties provided for that violation are a substitute for those provided by "subsections a. through e." *State v. Rought*, 221 *N.J.Super.* 42 (Law Div.1987).

■ The 30–month revocation was therefore improper; the maximum permissible revocation was two years. The 90–day jail term was permissible, though not mandatory, and could have been suspended but not on condition that an I.D.R.C.

program be completed. The driving while revoked statute does not provide for an I.D.R.C. sentence.

The sentence this court therefore imposes upon Walsh for driving while his license was revoked is a fine of $500, costs of $15 and a license revocation of 18 months. Eighteen months is less than the maximum by reason of (1) Walsh's efforts at rehabilitation and (2) the fact that the revocation must run consecutively, not concurrently, with the two-year revocation imposed on the DWI conviction. *N.J.S.A.* 39:5–30d; *Bean v. Strelecki*, 101 *N.J.Super.* 310 (App.Div.1968), certif. den. 52 *N.J.* 491 (1968). The court below improperly suspended the jail terms imposed upon Walsh on condition that he participate in an I.D.R.C. program. In effect, it decided that Walsh should not serve any time in jail if he obtained treatment. He has satisfied that condition and I agree with the municipal court judge that incarceration is not required.

*R.* 7:4–6(c) provides:

Reasons for Sentence. The provisions of *R.* 3:21–4(e) shall apply to the municipal courts.

*R.* 3:21–4(e) provides:

Reasons for Sentence. At the time sentence is imposed the judge shall state his reasons for imposing such sentence including his findings pursuant to the criteria for withholding or imposing imprisonment or fines under *N.J.S.A.* 2C:44–1 to 2C:44–3 and the factual basis supporting his findings of particular aggravating or mitigating factors affecting sentence.

*N.J.S.A.* 2C:44–1 to –3, referred to in *R.* 3:21–4(e), list the aggravating and mitigating factors which judges must consider when imposing criminal sentences. They refer to "offenses" and "crimes." *N.J.S.A.* 2C:1–4 defines offenses as "crimes." It is clear that motor vehicle offenses are *not* crimes. *State v. Loyle*, 208 *N.J.Super.* 334, 341 (App.Div.1986); *State v. Parker*, 198 *N.J.Super.* 272, 280 (App.Div.1984), certif. den. 99 *N.J.* 239 (1985). Consequently, the efficient reference in *R.* 7:4–6(c) to the provisions of *R.* 3:21–4(e) is not to be read as requiring any aggravating-mitigating analysis by a court imposing sentences in connection with motor vehicle offenses.

That requirement applies only to offenses which are crimes.[2] For that reason no aggravating-mitigating analysis is made in the present case.

---

[2]See *State v. LeSane,* 227 *N.J.Super.* 276 (Law Div.1987), in which the court held that the requirement applies to the municipal courts in criminal cases.