244 N.J. Super. 310 (1990)
582 A.2d 812
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DAVID FYFFE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 11, 1990.
Decided November 5, 1990.
*311 Before Judges KING and LONG.
Charles F. Shaw, III, argued the cause for appellant (Fay, Pandolfe, Shaw & Rubino, attorneys).
Mark P. Stalford, Assistant Prosecutor, argued the cause for respondent (John Kaye, Monmouth County Prosecutor, attorney).
The opinion of the court was delivered by KING, P.J.A.D.
This is an appeal from a judgment of conviction and the sentence in a DWI case. N.J.S.A. 39:4-50. The principal issue is the right to credit for inpatient rehabilitation at the time of sentence. Defendant was apprehended at a DWI checkpoint in Ocean Township on October 30, 1988. He was arrested and charged with several criminal and motor vehicle offenses.
The criminal cases were adjudicated in the Superior Court on guilty pleas. Specifically, on April 5, 1989 defendant pled guilty to Count One of an indictment charging possession of a controlled dangerous substance (CDS), a third-degree offense, N.J.S.A. 2C:35-10a(1), and Count Three of the same indictment, resisting arrest, a fourth-degree offense, N.J.S.A. 2C:29-2a.
Pursuant to his negotiated plea and disposition, defendant received this sentence in the Superior Court on May 26, 1989 which we recite from the judgment of conviction:
Count 1 (3rd degree) & 3 (4th degree)  to a probationary term of 5 years subject to the General Conditions of Probation on each count to run concurrent with each other and to pay a fine of $1,000, a D.E.D.R. Penalty of $1,000 and *312 Lab Fee of $50 plus revocation of driver's license for 6 months and to the following special conditions:
1. Defendant is to enter a 12 week program at Discovery House and remain until medically discharged. When discharged, he must enter an out-patient program and seek counselling.
2. Defendant must submit to regular urine testing.
All Motor Vehicle Summons are remanded to Municipal Court. Count 2 of Indictment No. 94-89 is dismissed on motion of James Kennedy, Assistant Prosecutor.
As noted, the motor vehicle matters were "remanded to Municipal Court" for disposition after sentencing in the Superior Court.
The motor vehicle offenses then proceeded to trial before Judge Kreizman in Ocean Township on August 15, 1989. He found defendant guilty of DWI, N.J.S.A. 39:4-50, and possession of CDS in a motor vehicle, N.J.S.A. 39:4-49.1. In all, defendant had been charged with seven motor vehicle offenses. Charges of driving on the revoked list and failing to turn in certain plates were dismissed at the municipal court hearing which then proceeded on the DWI, refusing a breath test, CDS in a motor vehicle (1.01 grams cocaine), and failing to exhibit credentials charges. Judge Kreizman sentenced defendant as a third DWI offender; he imposed a jail term of six months, a fine of $1,000, a surcharge of $100, and a ten-year license revocation.
Defendant appealed his DWI conviction only to the Superior Court, R. 3:23-8, where Judge Sullivan found him guilty in the trial de novo. On January 12, 1990 he imposed identical penalties except for modification of the period of incarceration. He sentenced defendant to 90 days community service and 90 days in the Monmouth County Correctional Institution with credit against jail time to be allowed or accrued for time spent at any inpatient drug treatment center after the date of sentencing in the Superior Court, January 12, 1990, only. This sentence was stayed by Judge Sullivan pending appeal.
On this appeal defendant raises three main issues: (1) constitutional denial of a jury trial, (2) insufficient evidence of guilt of *313 N.J.S.A. 39:4-50, and (3) the contention that "the sentence should be amended to reflect credit for defendant's inpatient treatment." We reject the first two contentions as clearly without merit. R. 2:11-3(e)(2); see State v. Hamm, 121 N.J. 109, 577 A.2d 1259 (1990). We affirm the DWI conviction as clearly supported by substantial credible evidence in the record for the reasons given by Judges Kreizman and Sullivan. State v. Johnson, 42 N.J. 146, 162, 199 A.2d 809 (1964). We also find no merit to defendant's claim that Judge Kreizman was biased in the matter.
Defendant contends that Judge Sullivan's sentence should be amended on appeal "to reflect credit for defendant's inpatient treatment" before the date of his DWI conviction and sentence in Superior Court by Judge Sullivan, January 12, 1990. The record before us reveals that defendant entered the Discovery, Inc. Accelerated Treatment Program on May 1, 1989. He completed this 90-day inpatient residential treatment phase successfully. He did well and the Discovery report concludes: "If David follows all our recommendations and continues his progress, the outlook for his recovery is extremely good." We conclude from the representations at oral argument that defendant also has finished the outpatient aftercare program prescribed by Discovery, Inc., that his recovery is progressing satisfactorily, and that he presently is abiding by the terms of his Superior Court probation, including outpatient treatment, reporting and urine monitoring.
Judge Sullivan refused to allow the credit for attendance at the 90-day inpatient rehabilitation program from May 1 retroactively. He concluded the applicable statute allowed him to sentence the defendant prospectively only. He said:
What I will do is, though, I will resentence to the 180 days as set forth. I will allow 90 days of that to be served as community service. As far as the remaining time, that would have to be jail time, with one exception, and that exception is if the defendant is in-patient treatment any time he's spent in an in-patient treatment will be credited against the jail sentence, and I think that's as much as I can do. This is a third offense. It would be a fourth offense but for the time period involved, and I think this defendant has the type of problem *314 where I know rehabilitating him is a very serious objective, but at the same time there are certain public protection features that would have to be kept in mind, too, and I think that while this procedure is going on there is a public interest involved in keeping this individual off the street if he's in an in-patient program we'll credit that toward the 90-day jail time....
MR. SHAW [defense counsel]: Are you saying that he gets credit for all inpatient?
THE COURT: Not for what he's done. Any in-patient time he spends starting with today will be credited against the 90 days, but I mean I'm not going to sentence him to an in-patient program or find one for him.
Our sentence is 90 days, six months with 90 allowed for community service, but if he gets into an in-patient program on his own or somebody puts him in there, the time he spends there will be credited against 90 days.
* * * * * * * *
THE COURT: What I'm saying is that you know he should  I believe that the intent of this statute for a third offender is  especially in situations like this is that he has to be off the street for a minimum of 90 days after sentencing, and you know whether it's in jail or in the hospital is something that, you know, this Court can't decide. I'm willing to go for either one, but if you  if he can find a hospital to take him for 90 days, if he can't I think the statute at this point and this situation especially would be fourth offender and he would be required to be kept off the street.
De novo review under R. 3:23-8(e) at the Superior Court level extends to the exercise of independent judgment in sentencing. State v. States, 44 N.J. 285, 293, 208 A.2d 633 (1965); State v. Tehan, 190 N.J. Super. 348, 463 A.2d 403 (Law Div. 1982). The DWI statute states in pertinent part:
For a third or subsequent violation, a person ... shall be sentenced to imprisonment for a term of not less than 180 days, except that the court may lower such term for each day not exceeding 90 days, served performing community service in such form and in such terms as the court shall deem appropriate under the circumstances.... A court that imposes a term of imprisonment under this section may sentence the person so convicted to the county jail, to the workhouse of the county wherein the offense was committed, to an in-patient rehabilitation program or to an Intoxicated Driver Resource Center.... [N.J.S.A. 39:4-50(a)(3).]
The issue then is whether Judge Sullivan erred in concluding that he did not have the power under the statute to give the defendant retroactive credit for his 90-day inpatient drug rehabilitation program completed in 1989 before the DWI case was heard in Municipal Court and then on the appeal de novo. This issue is somewhat complicated by the fact that defendant had *315 completed the Discovery residential program in 1989 as an express condition of his probation under the Superior Court sentence of probation imposed on May 26, 1989 for possession of CDS and resisting arrest.
As we construe this record, Judge Sullivan concluded that he had no discretion when sentencing defendant under N.J.S.A. 39:4-50(a)(3) to allow retroactive credit for inpatient rehabilitation treatment. Incidentally, the judge apparently did not have before him the record of the judgment of conviction and sentence in the Superior Court on the possession of CDS and resisting arrest charges when he sentenced defendant for DWI on January 12, 1990. The judgment was not in the record before us on this appeal. We only obtained it upon request after oral argument.
We rule that the statute does not preclude retroactive credit for in-patient rehabilitation treatment where such credit is appropriate in the discretion of the sentencing judge. Defendant is not entitled to credit as a matter of right, as he would be for jail time. Cf. R. 3:21-8 (right to credit for pretrial detention in jail or State hospital before conviction); State v. Reyes, 207 N.J. Super. 126, 143-145, 504 A.2d 43 (App.Div. 1986). But we see nothing in the statute which would preclude allowing retroactive day-for-day credit for time served in an inpatient rehabilitation setting before conviction and sentence, if the judge thinks the credit appropriate. Absent preclusive legislative language, we construe the statute as allowing the sound exercise of judicial discretion in allocating retroactive credit. In a similar setting, we said: "Attendance at a residential drug program shares some of the characteristics of jail time. Perhaps, successful completion by probationers might be encouraged by equating the two in some fashion." State v. Reyes, 207 N.J. Super. at 145, 504 A.2d 43. Here successful completion has occurred. To preclude credit as a matter of law for successful completion of inpatient rehabilitation in all cases could operate as a disincentive to prompt entry into and completion of such programs. If a defendant has already successfully *316 completed an inpatient program, at his own expense (here $5,000), it makes little sense to remove him again from his job and his family and thrust him back into a residential program at further expense out of fear of 90 days in jail, probably taking a scarce bed away from another prospect for rehabilitation.
At least two Law Division cases seem to have construed the DWI sentencing statute as we do. In State v. Walsh, 236 N.J. Super. 151, 155, 564 A.2d 901 (Law Div. 1989), the defendant had participated in an inpatient rehabilitation program for 38 days after his conviction in the Municipal Court and pending the appeal to the Superior Court, Law Division. In allowing retroactive credit, Judge Haines stated: "The appropriate sentence here, in view of that treatment, undertaken voluntarily while Walsh's appeal was pending, and the satisfactory report from the treating facility, is to time served." Id. In State v. Rought, 221 N.J. Super. 42, 533 A.2d 419 (Law Div. 1987), defendant sought "credit against his 180-day jail term for time served in an inpatient alcoholic program." Id. at 44, 533 A.2d 419. The judge awarded such credit on his de novo sentence on appeal. Although the Rought opinion is not completely clear on the point, the strong inference was that the credit was retroactive to the date of the de novo sentence, not prospective.
We are satisfied that the construction which we give the statute is consistent with the apparent dual legislative purpose of punishment and effective, prompt rehabilitation. The Legislature did not countenance punishment alone as the statutory purpose. The statute does repose substantial discretion in the judiciary as to sentencing alternatives.
We remand for resentencing. We leave to the sound discretion of the sentencing judge the weight to be ascribed to the fact that the defendant's inpatient treatment program was motivated, at least in part, because it was a condition of probation for the Superior Court offenses, rather than completely voluntarily. We conclude that this is simply one factor *317 to be considered by the judge, along with all of the other aspects of the case, in exercising discretion as to retroactive credit.
The conviction is affirmed; remanded for resentencing as to the 180-day term.