892 A.2d 736 (2006)
383 N.J. Super. 512
STATE of New Jersey, Plaintiff-Respondent,
v.
Shannon K. LUTHE, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued February 8, 2006.
Decided March 6, 2006.
Joseph J. Rodgers, Wildwood Crest, argued the cause for appellant.
Jack J. Lipari, Assistant County Prosecutor, argued the cause for respondent (Jeffrey S. Blitz, Atlantic County Prosecutor, attorney; John Henry Flammer, III, Assistant County Prosecutor, of counsel and on the brief).
*737 Before Judges CONLEY, WEISSBARD and WINKELSTEIN.
The opinion of the court was delivered by
CONLEY, P.J.A.D.
Defendant appeals the incarceration aspect of her Atlantic County Superior Court, Law Division third-offender DWI sentencing. Essentially, she claims other counties afford third-offenders alternative sentencing options, contends such options are statutorily permissible, and opines that the sentencing judge's refusal to offer such an option here denies her equal protection. We affirm.
Prior to its amendment in 2004,[1]N.J.S.A. 39:4-50(a)(3) had provided in pertinent part:
For a third or subsequent violation, a person shall be subject to a fine of $1,000.00, and shall be sentenced to imprisonment for a term of not less than 180 days, except that the court may lower such term for each day, not exceeding 90 days, served performing community service in such form and on such terms as the court shall deem appropriate under the circumstances and shall thereafter forfeit his right to operate a motor vehicle over the highways of this State for 10 years....
As amended, the law now requires:
For a third or subsequent violation, a person shall be subject to a fine of $1,000.00, and shall be sentenced to imprisonment for a term of not less than 180 days in a county jail or workhouse, except that the court may lower such term for each day, not exceeding 90 days, served participating in a drug or alcohol inpatient rehabilitation program approved by the Intoxicated Driver Resource Center and shall thereafter forfeit his right to operate a motor vehicle over the highways of this State for 10 years....
[Emphasis added.]
The language is clear. Confinement, either entirely in jail or partially in jail and partially in an inpatient facility, is required. There is no allowance for noncustodial alternatives.
As the mandate is clear, we need not resort to extrinsic evidence to discern the Legislature's intent in enacting this amendment. State v. Hrycak, 184 N.J. 351, 364, 877 A.2d 1209 (2005). Contrast State v. Reiner, 180 N.J. 307, 318, 850 A.2d 1252 (2004). But were we to do so in order to discern the "internal sense of the law," Jimenez v. Baglieri, 152 N.J. 337, 347, 704 A.2d 1285 (1998), the result would be the same. The statement on the amendment from the Senate Law and Public Safety and Veterans' Affairs Committee expressly asserts: "The [amendment] ... makes drunk drivers who are required to serve the mandatory term of imprisonment ineligible to participate in a work release program." The Assembly Law and Public Safety Committee Statement is comparable. The Governor's official news release reiterates the statements provided by both the Assembly and Senate Committees: "Michael's Law will keep third-time DWI offenders off the streets, even if they won't keep themselves off the streets. It will guarantee they spend time in jail."[2]
*738 Nonetheless, defendant points to N.J.S.A. 39:4-51 as authority for judicial discretion to fashion noncustodial alternatives for third offenders. Indeed, that statute does authorize work release as an option. It also permits out-patient treatment as an option where an inpatient sentence has been imposed. However, there can be no question but that the statute applies solely to "[a] person who has been convicted of a first or second violation of Section 39:4-50...." N.J.S.A. 39:4-51.
State v. Fyffe, supra, 244 N.J.Super. 310, 582 A.2d 812, seemingly relied upon by defendant, is inapposite. First, it predates Michael's Law. Second, it does no more than hold that inpatient confinement to an alcohol treatment facility served prior to defendant's DWI sentence may be credited toward his jail sentence. Id. at 315-16, 582 A.2d 812. That has no bearing on the statutory construction issue raised here.
Simply put, N.J.S.A. 39:4-50(a)(3) does not authorize noncustodial alternatives to the mandatory 180 days confinement, whether that confinement be served entirely in jail or partially in an inpatient facility. There is no statutory authority for work release programs, out-patient treatment, or the like as an alternative.
As a result, there can be no equal protection claim. Furthermore, even if defendants in other counties were offered different sentencing alternatives, such as work release, the Superior Court judge here declined to do so because N.J.S.A. 39:4-50(a)(3) does not allow work release as an alternate form of sentencing. Therefore, if the sentence here is disparate, it is for an entirely rational basis. See State v. Senno, 79 N.J. 216, 229-31, 398 A.2d 873 (1979).
That being said, we take note of a certification supplied by counsel in which his secretary recounts her "survey" of work release programs available to third offenders convicted of drunk driving in the State of New Jersey. As of December 2004, according to her "survey," fourteen of the twenty-one counties provide such alternatives as work release, home arrest, day reporting and weekend reporting. Her "survey" consisted of speaking "with representatives of the program or the jails or the wardens...." Needless to say, the certification is not competent evidence of what sentences Superior Court judges are imposing on third or subsequent DWI offenders. Nonetheless, if disparity exists as to the use of these alternative programs, it must cease, consistent with our construction of the statute. We refer the matter to the Administrative Director of the Courts for consideration of the need for such directives as may be appropriate to ensure uniform compliance with the statute.
Affirmed.
NOTES
[1] The amendment, entitled "Michael's Law" is in memory of nineteen-year old Michael Albano who was killed by a four-time DWI offender.
[2] As we have indicated, as enacted, Michael's Law does authorize inpatient confinement of up to one-half of the mandatory 180-day term. While such a facility is not, strictly speaking, a "jail," we have observed that it shares some of the same characteristics. State v. Fyffe, 244 N.J.Super. 310, 315, 582 A.2d 812 (App.Div.1990).