934 A.2d 642 (2007)
396 N.J. Super. 389
STATE of New Jersey, Plaintiff-Respondent
v.
Ahmet S. KOTSEV, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted June 6, 2007.
Decided July 23, 2007.
John Vincent Saykanic, Clifton, for appellant.
James F. Avigliano, Passaic County Prosecutor, for respondent (Christopher W. Hsieh, Senior Assistant Prosecutor, of counsel and on the brief).
Before JUDGES PARKER and MESSANO.
The opinion of the court was delivered by PARKER, J.A.D.
Defendant Ahmet S. Kotsev appeals from an order entered on December 22, 2005 finding him guilty of driving while intoxicated (DWI), N.J.S.A. 39:4-50, after de novo review. Defendant was sentenced to serve ninety consecutive days of incarceration and complete ninety days of community service; pay a $1,000 fine, $33 in court costs, $50 VCCB, $200 DDE/Surcharge, $75 SNSF; and have his driver's license suspended for ten years. We affirm.
In this appeal, defendant argues:
POINT ONE
THE COURTS BELOW ERRED IN NOT ALLOWING THE DEFENDANT TO SERVE 90 DAYS OF HIS SENTENCE IN THE PASSAIC COUNTY SHERIFF'S LABOR ASSISTANCE PROGRAM ("S.L.A.P."); SINCE OTHER COUNTIES DO PERMIT SUCH SENTENCES, THE BLANKET PROHIBITION IS VIOLATIVE OF THE DEFENDANT'S FEDERAL FOURTEENTH AMENDMENT AND NEW JERSEY STATE EQUAL PROTECTION AND DUE PROCESS RIGHTS
POINT TWO
THE DEFENDANT SHOULD BE ALLOWED TO SERVE HIS 90-DAY SENTENCE BY WAY OF CONSECUTIVE WEEK-ENDS PURSUANT TO STATE v. GRABOWSKI, 388 N.J.Super. 431, 908 A.2d 861 (LAW DIV.2006); OR, IN THE ALTERNATIVE, SERVE HIS 90-DAY SENTENCE ON WORK RELEASE; U.S. CONST., AMEND. XIV; N.J. CONST. (1947), ART. I, PAR. 1
Defendant argues that a sentence to the Sheriff's Labor Assistance Program *643 (SLAP) is permissible for third offenders under N.J.S.A. 39:4-50 (1993), the statute applicable to this offense which occurred on October 18, 1993.
The 1993 statute required a ninety-day term of imprisonment for third time offenders:
For a third or subsequent violation, a person shall be . . . sentenced to imprisonment for a term of not less than 180 days, except that the court may lower such term for each day, not exceeding [ninety] days, served performing community service. . . . A court that imposes the term of imprisonment under this section may sentence the person so convicted to the county jail, [or] to the workhouse of the county wherein the offense was committed.
[N.J.S.A. 39:4-50(3) (1993).]
Although the offense was committed in 1993, defendant was not sentenced until August 12, 2005.[1] Thereafter, he appealed to the Superior Court and, after hearing the matter de novo, Judge Nestor F. Guzman rendered an opinion dated December 22, 2005.
We have carefully considered defendant's arguments in light of the applicable law and we are satisfied that his arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons stated by Judge Guzman in his opinion. Nevertheless, we add the following comments.
As Judge Guzman noted in his opinion, the Passaic County SLAP Program was not initiated until 2003, ten years after the offense was committed. Consequently, it was not a sentencing option at the time. Just as the 1993 DWI statute applies to defendant, so do the sentencing options available at that time. See N.J.S.A. 1:1-15; State v. Chambers, 377 N.J.Super. 365, 372, 872 A.2d 1109 (App.Div.2005).
Defendant's reliance on State v. Grabowski, 388 N.J.Super. 431, 908 A.2d 861 (Law Div.2006), is substantially misplaced. First, the Law Division decision is not binding on any court. Second, the Law Division decision, rendered on June 26, 2006, is contrary to State v. Luthe, 383 N.J.Super. 512, 892 A.2d 736 (App.Div. 2006), decided March 6, 2006  three months before Grabowski. Luthe is binding on the Law Division.
In Luthe, we addressed the 2004 amendment to N.J.S.A. 39:4-50, commonly referred to as "Michael's Law," which mandated "a term of not less than 180 days in a county jail or workhouse, except that the court may lower such term for each day, not exceeding [ninety] days, served participating in a drug or alcohol inpatient rehabilitation program." We noted in Luthe that where the statutory "mandate is clear, we need not resort to extrinsic evidence to discern the Legislature's intent in enacting this amendment." Id. at 514, 892 A.2d 736. The 1993 DWI statute was no less clear than the 2004 amendment. The sentencing options in the 1993 statute for a third offender were 180 days "except that the court may lower such term for each day, not exceeding ninety days, served performing community service." SLAP is not an option. Weekend service is not an option. Defendant is, therefore, required to serve the ninety days incarceration and complete ninety days community service as ordered.
Affirmed.
NOTES
[1] There is no explanation in the record for the delay between the time the offense was committed in October 1993 and August 2005 when he appeared for sentencing.