994 A.2d 1042

STATE of New Jersey, Plaintiff,

v.

Meghan WHITE, Defendant.

Municipal Court, Byram Township,
Sussex County,
New Jersey.

Decided Jan. 26, 2010.

*Anthony M. Arbore,* Byram Township Prosecutor, for plaintiff. *Daniel A. Colfax,* for defendant.

BOWE, J.M.C.

On December 9, 2009, defendant in this matter, Meghan White (White), was issued, *inter alia,* a summons for driving with a suspended license, a violation of *N.J.S.A.* 39:3–40. White appeared in Byram Township Municipal Court on January 26, 2010, and was convicted of violating *N.J.S.A.* 39:3–40 when, through counsel, she entered a plea of guilty to that charge. A review of White's abstract of driver's history record showed that her license had been suspended as a result of a conviction for driving under the influence of alcohol, a violation of *N.J.S.A.* 39:4–50. The review also showed that this conviction for violating *N.J.S.A.* 39:3–40 was her first such conviction.

In addition to the penalties set forth in *N.J.S.A.* 39:3–40(a) for a person convicted for the first time of driving with a suspended driver's license, *N.J.S.A.* 39:3–40(f)(2) sets forth enhanced penalties for persons convicted of driving with a suspended license when the license suspension arose from a violation of *N.J.S.A.* 39:4–50. It says:

> In addition to any penalty imposed under the provisions of subsections a. through e. of this section and paragraph (1) of this subsection, any person violating this section under suspension issued pursuant to *R.S.39:4–50,* section 2 of *P.L.* 1981, c. 512 (*C.39:4–50.4a*) or *P.L.* 1982, c. 85 (*C.39:5–30a et seq.*), shall be fined $500, shall have his license to operate a motor vehicle suspended for an additional period of not less than one year or more than two years, and shall be imprisoned in the county jail for not less than 10 days or more than 90 days.

The question presented is, "May the term of imprisonment set forth in *N.J.S.A.* 39:3–40(f)(2) for a person whose license has been suspended for violating *N.J.S.A.* 39:4–50 be served in a Sheriff's Labor Assistance Program (S.L.A.P.) or other noncustodial program?" This court holds that it may not.

Had the Legislature not intended to ensure that persons convicted of violating *N.J.S.A.* 39:3–40, when the license suspension resulted from a conviction for violating *N.J.S.A.* 39:4–50, serve a period of incarceration, it could have set forth a noncustodial alternative. The fact that it did not evidences an intent on the part of the Legislature to ensure that some time is spent in jail by a person who is convicted of driving while suspended when the suspension of that person's license resulted from a conviction of driving while intoxicated.

*N.J.S.A.* 2B:19–5 provides alternatives to the direct incarceration of certain convicted persons. Subsection (a) reads:

> The governing body of each county, through the sheriff or such other authorized officer, may establish a labor assistance program as an alternative to direct incarceration to be utilized by the comprehensive enforcement program as a sentencing option. An enrollment fee of $25.00 shall be paid by each person who is sentenced to a labor assistance program. Additionally, each person so sentenced shall pay a fee of $8.00 per day for each day originally sentenced to the labor assistance program. Labor assistance program fees shall be paid to the county treasurer for use by the county.

Subsection (c)(1) defines a labor assistance program as "a work program, established by the county under the direction of the sheriff or other authorized county officer, which rigorously supervises offenders providing physical labor as an alternative to incarceration."

Sussex County has established such a program. Entry into the program is not open to all persons convicted of offenses.

In *State v. Kotsev,* 396 *N.J.Super.* 58, 931 *A.*2d 617 (Law Div.2005), in discussing the sentencing options available in a case in which the defendant had been convicted of a third violation of *N.J.S.A.* 39:4–50, driving while intoxicated, the court said:

The D.W.I. statute dictates the sentencing options available to the court and allows for very little flexibility. The law in effect in 1993 unambiguously requires that a defendant be sentenced to a minimum of 90 days in jail and a maximum of 180 days in jail. *Kotsev,* p. 63, 931 *A.*2d 617; affirmed by *State v. Kotsev,* 396 *N.J.Super.* 389, 934 *A.*2d 642 (App.Div.2007), *certif. denied* 193 *N.J.* 276, 937 *A.*2d 978 (2007).

Although the S.L.A.P. program had not been established in Passaic County at the time the defendant in *Kotsev* was convicted, the reasoning of the case indicates that, when the Legislature sets forth a sentencing range, as it has in *N.J.S.A.* 39:3–40(f)(2), courts must issue a sentence within that range. The Legislature did not choose to offer a noncustodial sentencing option for a defendant convicted of driving while suspended when the suspension arose from a conviction for driving while intoxicated. Rather, it specifically says the defendant "shall be imprisoned in the county jail for not less than 10 days . . . ." *N.J.S.A.* 39:3–40(f)(2).

It is instructive to read the language of *N.J.S.A.* 39:3–40(f)(2) *in pari materia* with *N.J.S.A.* 39:4–50(a)(3). In the latter, the Legislature has set forth the punishment for a person convicted for a third or subsequent violation of *N.J.S.A.* 39:4–50 as follows:

For a third or subsequent violation, a person shall be subject to a fine of $1,000.00, and shall be sentenced to imprisonment for a term of not less than 180 days in a county jail or workhouse, except that the court may lower such term for each day, not exceeding 90 days, served participating in a drug or alcohol inpatient rehabilitation program approved by the Intoxicated Driver Resource Center and shall thereafter forfeit his right to operate a motor vehicle over the highways of this State for 10 years. For a third or subsequent violation, a person also shall be required to install an ignition interlock device under the provisions of *P.L. 1999, c. 417* (*C.39:4–50.16* et al.) or shall have his registration certificate and registration plates revoked for 10 years under the provisions of section 2 of *P.L. 1995, c. 286* (*C.39:3–40.1*).

[*N.J.S.A.* 39:4–50(a)(3).]

*N.J.S.A.* 39:4–50(a)(3) mandates a term of imprisonment for persons convicted of a third or subsequent DWI violation. In a case in which a defendant sought a noncustodial option in lieu of imprisonment for her third DWI conviction, the Appellate Division said, "The language is clear. Confinement, either in jail or partially in jail and partially in an inpatient facility is required.

There is no allowance for non-custodial alternatives." *State v. Luthe,* 383 *N.J.Super.* 512, 514, 892 *A.*2d 736 (App.Div.2006).

The *Luthe* court went on to say:

Simply put, *N.J.S.A.* 39:4–50(a)(3) does not authorize noncustodial alternatives to the mandatory 180 days confinement, whether that confinement is served entirely in jail or partially in an inpatient facility. Here there is no statutory authority for work release programs, out-patient treatment or the like as an alternative.

[*Luthe, supra,* 383 *N.J.Super.* at 515, 892 *A.*2d 736.]

Likewise, *N.J.S.A.* 39:3–40(f)(2) provides no authority for a noncustodial alternative. Its language is clear and unambiguous. A person convicted for the first time of driving with a suspended license when his or her license has been suspended as a result of being convicted of driving while intoxicated must be sentenced to the penalties set forth in *N.J.S.A.* 39:3–40(a) and to the enhanced penalties set forth in *N.J.S.A.* 39:3–40(f)(2).

*N.J.S.A.* 39:4–50 and *N.J.S.A.* 39:3–40(f)(2) are similar in that neither provides for a noncustodial alternative to imprisonment. S.L.A.P. is "an alternative to imprisonment." *See N.J.S.A.* 2B:19–5(c)(1). Hence, it is not available as a sentencing option to a violator of *N.J.S.A.* 39:3–40 whose license has been suspended for a conviction of driving while intoxicated.

For the reasons stated above, defendant, in addition to the other penalties set forth in *N.J.S.A.* 39:3–40(a), is fined $500.00, shall have her driver's license suspended for one year consecutive to her current suspension, and is sentenced to ten days in the county jail.