48 A.3d 1213

STATE of New Jersey, Plaintiff,

v.

Thomas R. AYTON, Defendant.

Municipal Court, Byram Township,
Sussex County,
New Jersey.

Decided Sept. 13, 2011.

*Anthony M. Arbore,* Byram Township Prosecutor, for plaintiff.

*Daniel A. Colfax,* Byram Township Public Defender, for defendant.

BOWE, J.M.C.

On February 23, 2011, defendant in this matter, Thomas R. Ayton (Ayton), was issued a summons for driving with a suspended license, a violation of *N.J.S.A.* 39:3–40, and a summons for disregarding a traffic control device at a public-private intersection, a violation of *N.J.S.A.* 39:4–120.9. Ayton appeared in Byram Township Municipal Court on April 26, 2011, for a first appearance on his summonses. He claimed indigence and completed an application for the services of a public defender. His application was granted and trial was scheduled for June 14, 2011. On that date, Ayton appeared in court and presented a letter that said:

June 14, 2011

I, Thomas R. Ayton, will be filing an Article 59 against the Byram Police Department for violation of my civil rights at the time of tickets issued on February 23, 2011.

Ticket # s BT035828

BT035829

The letter was signed by Ayton and notarized on June 14, 2011, by Doris Flynn, Byram Township Municipal Clerk.

The court concluded that, by "filing an Article 59", Ayton was referring to the Notice of Tort Claim (notice) required by the New Jersey Tort Claims Act, *N.J.S.A.* 59:1–1 to :12–3 to be filed in cases of alleged municipal torts. A notice must be filed not later than ninety days following the incident that precipitated the claim. *N.J.S.A.* 59:8–8. That time period may be extended by the Superior Court. *N.J.S.A.* 59:8–9.

When a defendant in a municipal court files a notice in the municipality in which his matter is to be heard, the prevailing practice is to transfer the matter to be heard in another municipality's court. Had Ayton actually filed a notice, his matter would have been transferred in keeping with that practice. Because at the time he presented his letter of intent to file a notice to the

court he had not yet filed a notice, the court adjourned the matter to allow him ample opportunity to do so. Ayton was advised to file his notice promptly because his matter would be coming up on the trial calendar again shortly. Subsequently, the matter was scheduled to be tried on August 16, 2011. When he appeared on that date, with his public defender, Ayton advised the court that he still had not filed a notice. He alleged that he had plans to discuss the matter with an attorney other than his public defender. By then, far more than ninety days had passed since the incident that would have been the subject of the notice. The court concluded that Ayton was using his alleged intent to file a notice as a ploy to continually stall the proceedings against him. The state had one or more police officers prepared to testify in Ayton's matter; Ayton's attorney acknowledged that he had received full discovery and was prepared to try the matter. Based on the foregoing circumstances, the court declined to adjourn the trial any further.

Reserving the right to appeal the court's decision to proceed to trial, Ayton, through his attorney, entered into a plea agreement with the prosecutor. He entered a plea of guilty to having violated *N.J.S.A.* 39:3-40 by driving while suspended. The other summons was dismissed as part of the plea agreement. Ayton's driving abstract disclosed two prior convictions for driving while suspended. Hence, he was to be sentenced as a third offender pursuant to *N.J.S.A.* 39:3-40(c) which, in addition to other penalties, calls for a ten-day term of imprisonment in the county jail.

Ayton's counsel requested that the court authorize Ayton to serve the imprisonment portion of his sentence in a Sheriff's Local Assistance Program (S.L.A.P.), a non-custodial method of serving a term of imprisonment.

Counsel's request raised what appears to be a question of first impression, i.e.: "May the term of imprisonment set forth in *N.J.S.A.* 39:3-40(c) for persons convicted a third or subsequent time of violating the provisions of *N.J.S.A.* 39:3-40 be served in a S.L.A.P. program?"

This court holds that it may not for the following reasons.

*N.J.S.A.* 2B:19–5 provides alternatives to the direct incarceration of certain convicted persons. Subsection (a) reads:

The governing body of each county, through the sheriff or such other authorized officer, may establish a labor assistance program as an alternative to direct incarceration to be utilized by the comprehensive enforcement program as a sentencing option. An enrollment fee of $25.00 shall be paid by each person who is sentenced to a labor assistance program. Additionally, each person so sentenced shall pay a fee of $8.00 per day for each day originally sentenced to the labor assistance program. Labor assistance program fees shall be paid to the county treasurer for use by the county.

Subsection (c)(1) of the same statute defines a labor assistance program as "a work program, established by the county under the direction of the sheriff or other authorized county officer, which rigorously supervises offenders providing physical labor as an alternative to incarceration."

Sussex County has established such a program. Entry into the program is not open to all persons convicted of offenses.

It is instructive to read the language of *N.J.S.A.* 39:3–40 *in pari materia* with *N.J.S.A.* 39:4–50(a)(3). In the latter, the Legislature has set forth the punishment for a person convicted of a third or subsequent violation of *N.J.S.A.* 39:4–50(DWI) as follows:

For a third or subsequent violation, a person shall be subject to a fine of $1,000.00, and shall be sentenced *to imprisonment for a term of not less than 180 days in a county jail or workhouse,* except that the court may lower such term for each day, not exceeding 90 days, served participating in a drug or alcohol inpatient rehabilitation program approved by the Intoxicated Driver Resource Center and shall thereafter forfeit his right to operate a motor vehicle over the highways of this State for 10 years. For a third or subsequent violation, a person also shall be required to install an ignition interlock device under the provisions of *P.L.1999, c. 417 (C.39:4–50.16* et al.) or shall have his registration certificate and registration plates revoked for 10 years under the provisions of section 2 of *P.L.1995, c.* 286 *(C.39:3–40.1* ).

[*N.J.S.A.* 39:4–50(a)(3) (emphasis added).]

*N.J.S.A.* 39:4–50(a)(3) mandates a term of imprisonment in a county jail or workhouse for persons convicted of a third or subsequent DWI violation. In a case in which a defendant sought a non-custodial option in lieu of such imprisonment for her third DWI conviction, the Appellate Division said: "The language is

clear. Confinement, either in jail or partially in jail and partially in an inpatient facility is required. There is no allowance for non-custodial alternatives." *State v. Luthe,* 383 *N.J.Super.* 512, 514, 892 *A.*2d 736 (App.Div.2006).

The *Luthe* court also stated: "Simply put, *N.J.S.A.* 39:4–50(a)(3) does not authorize noncustodial alternatives to the mandatory 180 days confinement, whether that confinement is served entirely in jail or partially in an inpatient facility. Here there is no statutory authority for work release programs, out-patient treatment or the like as an alternative." *Id.* at 515, 892 *A.*2d 736.

Similarly, *N.J.S.A.* 39:3–40(c) makes no provision for noncustodial alternatives to incarceration.

The Legislature's intent that persons convicted of a third or subsequent violation of driving while suspended serve a ten-day jail term of imprisonment is also shown by a comparison of the language of *N.J.S.A.* 39:3–40(c) with the language of *N.J.S.A.* 39:3–40(e), another subsection of the same statute.

*N.J.S.A.* 39:3–40(c), sets forth the punishment for a person convicted a third or subsequent time of driving while suspended as follows:

Upon conviction for a third offense or subsequent offense, a fine of $1,000.00 and imprisonment *in the county jail* for 10 days. If the third or a subsequent offense involves the operation of a motor vehicle during a period when the violator's driver's license is suspended and the third or subsequent offense occurs within five years of a conviction for the same offense, revocation of the violator's motor vehicle registration privilege in accordance with the provisions of sections 2 through 6 of *P.L.1995, c. 286 (C.39:3–40.1* through C.39:3–40.5)

[ (Emphasis added).]

In the portion of that statute that mandates imprisonment, the Legislature inserted the words "in the county jail" after the word "imprisonment."

*N.J.S.A.* 39:3–40(e), setting forth the punishment for a person convicted of being involved in an accident resulting in bodily injury to another person while driving with a suspended license, says: "Upon conviction, the court shall impose a period of imprisonment for not less than 45 days or more than 180 days, if while operating

a vehicle in violation of this section a person is involved in an accident resulting in bodily injury to another person."

In enacting *N.J.S.A.* 39:3–40(e), the Legislature not only gave courts discretion as to the length of the sentence to be imposed, but utilized the words "a period of imprisonment" without following those words with "in the county jail" as it did when it enacted *N.J.S.A.* 39:3–40(c). This left open to the court's discretion the option of having a defendant sentenced to imprisonment pursuant to *N.J.S.A.* 39:3–40(e) serve the sentence in a S.L.A.P. or other non-custodial program.

On the other hand, in enacting *N.J.S.A.* 39:3–40(c) (emphasis added), the Legislature used the language "imprisonment *in the county jail.*" By specifying that the term of imprisonment be served in the county jail, the Legislature demonstrated its intent that persons convicted a third or subsequent time of driving while suspended not be allowed to serve their term of imprisonment in a S.L.A.P. program or in other noncustodial settings.

Hence, in accordance with the provisions of *N.J.S.A.* 39:3–40(c), defendant is sentenced to ten days in the Sussex County jail; to a fine of $1,000; to an assessment of $33 for court costs; to an assessment of $6 for ATS; and to suspension of his driving privileges for a period of six months to run concurrently with his current suspension. In addition, pursuant to *N.J.S.A.* 39:3–40.1, the registration certificate(s) and registration plates(s) of all passenger automobiles and of all noncommercial trucks owned or leased by defendant are revoked. All such revoked registration certificate(s) and plate(s) shall be surrendered by defendant within forty-eight hours at a place and in a manner prescribed by Chief Administrator of the New Jersey Motor Vehicle Commission. Failure to so surrender the revoked certificate(s) and plate(s) shall result in the impoundment of the vehicles in accordance with the provisions of *N.J.S.A.* 39:3–40.3. The revocation of the certificate(s) and plate(s) shall remain in effect for the period during which defendant's license to operate a motor vehicle is suspended.