257 N.J. Super. 493 (1992)
608 A.2d 957
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RONALD GEORGE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 4, 1992.
Decided June 22, 1992.
*495 Before Judges BILDER, STERN and KEEFE.
Mills, Hock, Dangler & Mills, attorneys for appellant (John M. Mills, III, on the brief).
Ronald S. Fava, Passaic County Prosecutor, attorney for respondent (Steven E. Braun, Senior Assistant Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by BILDER, J.A.D.
On November 13, 1990, Ronald George was convicted in the Paterson Municipal Court of operating a motor vehicle while intoxicated. N.J.S.A. 39:4-50. For this third DWI conviction, he was sentenced to 90 days incarceration; ordered to perform 90 days community service; fined $1,000 and had his license revoked for 10 years. The fines and incarceration were stayed pending appeal. On appeal to the Law Division, he was again convicted in a trial de novo on the record below and was given a penalty similar to that imposed by the municipal court. On appeal before us he contends, as he did below, that the initial stop was unlawful, that there was insufficient evidence to support a finding he was operating the car, and that, in the event his conviction is upheld, he should be permitted to satisfy his custodial sentence by the 21 days he has already spent in an inpatient rehabilitation program and an additional 69 days he proposes to spend in an outpatient rehabilitation program.
On July 11, 1990, at approximately 11:45 p.m., Sergeant D'Amelio of the Paterson Police Department was on routine patrol when he observed a pickup truck stopped in a parking lot, not in a normal parking space but near the lot exit, with its *496 headlights on and its engine running. The defroster was on to defog the windshield. The driver, later identified as defendant, appeared to be in conversation with a female pedestrian. Because this was a high crime area and a locale for prostitution, D'Amelio asked to see the driver's license, registration and motor vehicle insurance card and inquired as to whether he knew the woman he was talking with. In the course of this inquiry, he detected a heavy odor of alcohol on defendant's breath. He asked defendant to turn off his motor and step outside. Upon inquiry, defendant acknowledged that he had been drinking.
Initially, D'Amelio did not think defendant was intoxicated. When asked to perform balance and coordination tests, defendant did so without error. He was asked to move his truck into a parking space and did so. A few minutes later D'Amelio had second thoughts and again questioned defendant as to his drinking. Based on that history and the heavy odor of alcohol, he arrested defendant for driving while under the influence. Subsequent breathalyzer tests disclosed the presence of .13 percent by weight of alcohol in defendant's blood. Based on these facts, the Law Division judge found beyond a reasonable doubt that defendant operated the vehicle while intoxicated.
Defendant's contentions are without merit. We are satisfied the presence of the truck in a parking lot at 11:45 at night, with its lights on and engine running and the driver talking to a woman standing outside the cab, provided sufficient cause for Sergeant D'Amelio to question defendant. See State v. Bruzzese, 94 N.J. 210, 219, 463 A.2d 320 (1983), cert. denied 465 U.S. 1030, 104 S.Ct. 1295, 79 L.Ed.2d 695 (1984). The trial judge's conclusions that the police officer had "a right to come over and see what was going on" are supported by substantial credible evidence in the record. See State v. Johnson, 42 N.J. 146, 162, 199 A.2d 809 (1964). The subsequent arrest was clearly justified by defendant's presence behind the wheel of a vehicle with its lights on and its engine running at a *497 time when his breath disclosed a heavy odor of alcohol. See State v. Moskal, 246 N.J. Super. 12, 21, 586 A.2d 845 (App.Div. 1991); also State v. Mulcahy, 107 N.J. 467, 474, 527 A.2d 368 (1987).
We are similarly satisfied that there was sufficient evidence to support the finding of operation. Operation may be proved by any direct or circumstantial evidence  as long as it is competent and meets the requisite standards of proof. See State v. Dancyger, 29 N.J. 76, 84, 148 A.2d 155 (1959), cert. den. 360 U.S. 903, 79 S.Ct. 1286, 3 L.Ed.2d 1255 (1959). The vehicle's operating condition combined with defendant's presence behind the steering wheel permits the logical conclusion of an intent to drive. See State v. Sweeney, 40 N.J. 359, 360-361, 192 A.2d 573 (1963); State v. Sweeney, 77 N.J. Super. 512, 521, 187 A.2d 39 (App.Div. 1962), aff'd 40 N.J. 359, 192 A.2d 573 (1963); also State v. Tischio, 107 N.J. 504, 513, 527 A.2d 388 (1987).
Upon conviction of a third DWI conviction, a defendant is subject to a combination of penalties and rehabilitative sanctions which include imprisonment for a term of not less than 180 days. N.J.S.A. 39:4-50(a)(3). The custodial term however need not be spent in jail. Up to 90 days may be served performing community service and the remainder may be served in an inpatient rehabilitation program. Ibid. The legislative directive, in pertinent part, reads as follows:
For a third or subsequent violation, a person shall be subject to a fine of $1,000.00 and shall be sentenced to imprisonment for a term of not less than 180 days, except that the court may lower such term for each day, not exceeding 90 days, served performing community service * * * * and shall thereafter forfeit his right to operate a motor vehicle over the highways of this State for 10 years.
* * * * * * * *
A court that imposes a term of imprisonment under this section may sentence the person so convicted to the county jail, to the workhouse of the county wherein the offense was committed, to an inpatient rehabilitation program or to an Intoxicated Driver Resource Center * * *; provided that for a third or subsequent offense a person shall not serve a term of imprisonment at an *498 Intoxicated Driver Resource Center as provided in subsection (f) [County or regional Intoxicated Driver Resource Centers designated and established by the counties]. [N.J.S.A. 39:4-50(a)(3)]
When he was originally sentenced by the Municipal Judge, defendant sought to satisfy the custodial requirement of his DWI sentence by participation in a 30-day inpatient program to be followed by 60 days in an outpatient program. The Municipal Judge refused to order such a sentence, both on the grounds that it was not authorized by statute and that, if it were so authorized, he would not exercise his discretion to permit defendant to avoid custody. Following his conviction by the Law Division, defendant again sought to satisfy the custodial requirements of N.J.S.A. 39:4-50 by participation in a program which includes 21 days of inpatient treatment followed by 35 weeks of outpatient care, consisting of 69 appearances, making a total of 90 days. The Law Division Judge rejected the proposal as not authorized by statute.
We agree. The statutory scheme clearly demonstrates a legislative determination that continued violation of our drunk driving laws shall result in custodial terms. The legislature has not been unresponsive to the rehabilitative benefits of outpatient care but has provided that when such treatment is to be employed, it must be at the post hoc behest of the treating agency. N.J.S.A. 39:4-51 permits a person sentenced to an inpatient rehabilitation program to be released by the court to an outpatient rehabilitation program for the duration of the original sentence, "upon petition by the treating agency."[1]
There is a significant difference between a treating agency concluding a patient should be diverted to an outpatient program and a person convicted of DWI, here for the third time, finding a program which will free him in far less than the *499 legislatively mandated 90 days. As the Law Division Judge noted, defendant's plan would invite everyone convicted of this serious offense to find a short inpatient program and thus avoid the legislative determination that such offenders be subject to 90 days confinement. Finally, we note that the use of inpatient treatment in lieu of jail is a matter of discretion for the sentencing court. See State v. Fyffe, 244 N.J. Super. 310, 316, 582 A.2d 812 (App.Div. 1990).
Affirmed.
NOTES
[1] N.J.S.A. 39:4-51 reads in pertinent part:

A person sentenced to an inpatient rehabilitation program may upon petition by the treating agency be released, by the court, to an outpatient rehabilitation program for the duration of the original sentence.