NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2570-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

AMY BLOODWORTH,

 Defendant-Appellant.
________________________________

 Argued October 4, 2017 – Decided November 3, 2017

 Before Judges Manahan and Suter.

 On appeal from Superior Court of New Jersey,
 Law Division, Passaic County, Municipal Appeal
 No. 6076.

 Nabil N. Kassem argued the cause for appellant
 (Kassem & Associates, PC, attorneys; Mr.
 Kassem and Dominique J. Carroll, on the
 brief).

 Marc A. Festa, Senior Assistant Prosecutor,
 argued the cause for respondent (Camelia M.
 Valdes, Passaic County Prosecutor, attorney;
 Mr. Festa, of counsel and on the brief).

PER CURIAM
 Defendant Amy Bloodworth appeals her conviction, following a

trial de novo, for driving while intoxicated (DWI), N.J.S.A. 39:4-

50, and for refusal to submit a breath test, N.J.S.A. 39:4-50.4a.

Having considered defendant's argument in light of the facts and

applicable law, we affirm.

 On February 2, 2015, Officer Glen Arthur and Officer Seabrooks

of the Clifton Police Department were dispatched on a report of a

vehicle stuck in a snowbank with the driver behind the steering

wheel, possibly incapacitated. Prior to the arrival of police,

neighborhood residents reported hearing a loud crash. From their

window, the residents witnessed a 2014 Jeep Grand Cherokee reverse

from one snowbank into another. As the vehicle was lodged into

the snowbank, the driver continued to accelerate, causing the

tires to spin. One resident stated the driver appeared to be

slumped over the steering wheel. He, along with other residents,

proceeded outside to help the distressed driver, later identified

as defendant, and assisted her out of the vehicle.

 On arrival, Officer Arthur observed the Jeep lodged in a

snowbank. Defendant was standing approximately four feet beside

the vehicle and was noticeably swaying. Officer Arthur approached

defendant and questioned her about the accident. As defendant

responded she "ha[d] no idea" what happened, a strong odor of

alcohol was detected on her breath. Defendant was then asked if

 2 A-2570-15T2
she had been drinking, to which she responded with slurred speech,

"[w]ay too much." The officer reported that defendant was having

difficulty standing and observed a glassy look in her eyes and a

dazed appearance. Moreover, he saw defendant's purse on the

sidewalk that visibly contained a half-empty bottle of alcohol and

medications, and also observed a visibly open container of alcohol

on the vehicle's passenger side floor. Due to the officer's

observations, defendant was asked to perform standard field

sobriety tests. Defendant responded that she was unwilling to

perform the tests without a lawyer present. Subsequently,

defendant was arrested, advised of her Miranda rights, and placed

into the patrol car.

 While being transported to police headquarters, defendant was

falling asleep and periodically crying out for her parents. After

being escorted into headquarters with assistance, defendant was

asked to submit a breath sample. She responded by saying "[n]o,"

and shaking her head indicating the same. Defendant was then

processed without further incident and charged with driving while

intoxicated, N.J.S.A. 39:4-50; refusal to submit a breath test,

N.J.S.A. 39:4-50.4a; possession of an open alcoholic beverage in

a motor vehicle, N.J.S.A. 39:4-51b; and failure to display motor

vehicle insurance and registration, N.J.S.A. 39:3-29. A Drunk

Driver Observation Report was prepared which indicated: defendant

 3 A-2570-15T2
had a strong odor of an alcoholic beverage; was pale and difficult

to awaken; had watery and bloodshot eyes; had difficulty walking;

and was falling and grasping for support. Defendant pled not

guilty. A municipal trial followed.

 At the conclusion of the municipal trial, the judge found

defendant guilty of DWI, refusal to submit to a breath test, and

possession of an open container. The State moved for, and was

granted, dismissal of the remaining charges. This being

defendant's third DWI offense, the judge sentenced her to: 180

days county jail, 90 days of which could be served in an inpatient

program; 10 year loss of driver's license; installation of ignition

interlock device for the loss of license time period with an

additional 3 years thereafter; completion of the required hours

at the Intoxicated Driver Resource Center (IDRC) in accordance

with defendant's individual treatment classification; and ordered

to pay appropriate fines and penalties. As per the refusal charge,

defendant was sentenced to a consecutive duplicate sentence as the

DWI. A fine was imposed on the open container offense.

 Defendant filed an appeal to the Law Division. At the

conclusion of argument, the judge held there was sufficient

evidence in the record to support defendant's convictions due to

observational evidence. Based upon the finding that the State's

witnesses were credible, the judge held the State had proven

 4 A-2570-15T2
operation and found defendant guilty of DWI and refusal to submit

to a breath test. Defendant was found not guilty of possession

of an open alcoholic container. A matching sentence to the

municipal court sentence was imposed, and defendant's request for

a stay pending appeal was denied. This appeal followed.

 Defendant raises the following points on appeal.

 POINT I

 [DEFENDANT] WAS DENIED HER RIGHTS UNDER
 THE FOURTEENTH AMENDMENT TO THE UNITED
 STATES CONSTITUTION AS THE LAW DIVISION
 LACKED SUFFICIENT CREDIBLE EVIDENCE IN
 THE RECORD TO SUPPORT ITS FINDINGS BEYOND
 A REASONABLE DOUBT THAT [DEFENDANT]
 OPERATED THE MOTOR VEHICLE IN QUESTION
 WHILE INTOXICATED.

 POINT II

 THE LAW DIVISION LACKED SUFFICIENT
 CREDIBLE EVIDENCE IN THE RECORD TO
 SUPPORT ITS FINDINGS BEYOND A REASONABLE
 DOUBT THAT [DEFENDANT] REFUSED TO PROVIDE
 A BREATH SAMPLE. (RAISED BELOW)

 POINT III

 [DEFENDANT] WAS DENIED THE EFFECTIVE
 ASSISTANCE OF COUNSEL IN VIOLATION OF HER
 SIXTH AND FOURTEENTH AMENDMENT RIGHTS AT
 TRIAL.

 A. [DEFENDANT] WAS DENIED HER FEDERAL
 AND STATE CONSTITUTIONAL RIGHTS TO
 THE EFFECTIVE ASSISTANCE OF COUNSEL
 DUE TO THE FAILURE OF HER TRIAL
 ATTORNEY TO INVESTIGATE VIABLE
 DEFENSES WHICH COULD HAVE VALIDATED

 5 A-2570-15T2
 [DEFENDANT'S] CLAIM SHE WAS NOT THE
 DRIVER OF THE VEHICLE IN QUESTION.

 B. [DEFENDANT] WAS DENIED HER FEDERAL
 AND STATE CONSTITUTIONAL RIGHTS TO
 THE EFFECTIVE ASSISTANCE OF COUNSEL
 DUE TO THE FAILURE OF HER TRIAL
 ATTORNEY TO FILE A PRE-TRIAL MOTION
 TO DISMISS THE CHARGES BASED UPON
 THE STATE'S FAILURE TO PROVIDE THE
 REQUIRED DISCOVERY REGARDING
 OFFICER ARTHUR'S QUALIFICATIONS TO
 OPERATE AN ALCOTEST.

 POINT IV

 THE LAW DIVISION ERRONEOUSLY APPLIED THE
 LAW WITH RESPECT TO ANALYZING
 [DEFENDANT'S] CLAIM OF INEFFECTIVE
 ASSISTANCE OF COUNSEL, SPECIFICALLY BY
 MISAPPLYING THE TEST SET FORTH IN STATE
 V. ALLAH.1

 POINT V

 THE LAW DIVISION ERRONEOUSLY APPLIED THE
 LAW WITH RESPECT TO ANALYZING
 [DEFENDANT'S] MOTION FOR A DIRECTED
 VERDICT, SPECIFICALLY BY MISAPPLYING THE
 TEST SET FORTH IN STATE V. REYES2 AS THE
 STATE'S EVIDENCE FELL SHORT OF WHAT WAS
 NECESSARY TO SUSTAIN [DEFENDANT'S]
 CONVICTION.

 POINT VI

 THE LAW DIVISION ERRONEOUSLY DETERMINED
 THAT OFFICER ARTHUR WAS CREDIBLE DESPITE
 NUMEROUS INCONSISTENCIES FOUND
 THROUGHOUT HIS TESTIMONY AND POLICE
 REPORT.

1
 170 N.J. 269 (2002).
2
 50 N.J. 454 (1967).

 6 A-2570-15T2
 POINT VII

 [DEFENDANT'S] CONVICTION SHOULD BE REVERSED ON
 THE BASIS OF CUMULATIVE ERROR.

 In an appeal from a de novo hearing on the record, we consider

only the action of the Law Division and not that of the municipal

court. State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div.

2001) (citation omitted). Therefore, when a defendant appeals a

conviction of violating a motor vehicle law, the scope of review

is both narrow and deferential. State v. Stas, 212 N.J. 37, 48-

49 (2012). The function of the reviewing court is to determine

whether the findings of the Law Division "could reasonably have

been reached on sufficient credible evidence present in the

record." State v. Johnson, 42 N.J. 146, 162 (1964). When the

findings and conclusions of the Law Division are held to meet that

criterion, our "task is complete," and we "should not disturb the

result" even if we "might have reached a different conclusion" or

if the result was a close one. Ibid.

 We "defer to trial courts' credibility findings that are

often influenced by matters such as observations of the character

and demeanor of witnesses and common human experience that are not

transmitted by the record." State v. Locurto, 157 N.J. 463, 474

(1999). As such, a Law Division judge in a trial de novo must

make findings of fact based upon the record made in the municipal

 7 A-2570-15T2
court where the case was tried. State v. Ross, 189 N.J. Super.

67, 75 (App. Div.), certif. denied, 95 N.J. 197 (1983). The

judge's function "is not the appellate function governed by the

substantial evidence rule but rather an independent fact-finding

function . . . ." Ibid. (citations omitted).

 Defendant asserts her convictions must be vacated as they are

against the weight of the evidence. Defendant argues there was

not proof beyond a reasonable doubt of operation or intent to

operate the vehicle and refusal to submit a breath test. Further,

defendant raises several ineffective assistance of counsel claims.

 To sustain a conviction for DWI, the State must prove beyond

a reasonable doubt that defendant operated an automobile while

under the influence of intoxicating liquor. State v. Ebert, 377

N.J. Super. 1, 10 (App. Div. 2005); State v. Grant, 196 N.J. Super.

470, 477 (App. Div. 1984). "Independent of breathalyzer results,

an alternative finding of intoxication may be based upon

observational evidence to find a defendant guilty beyond a

reasonable doubt of DWI." State v. Liberatore, 293 N.J.

Super. 580, 589 (Super. Ct. 1995) (citing State v. Slinger, 281

N.J. Super. 538, 543 (App. Div. 1995)).

 The term "operates" as used in N.J.S.A. 39:4-50(a) has been

broadly interpreted. State v. Tischio, 107 N.J. 504, 513

(1987), appeal dismissed, 484 U.S. 1038, 108 S. Ct. 768, 98 L. Ed.

 8 A-2570-15T2
2d 855 (1988); State v. Mulcahy, 107 N.J. 467, 478

(1987). "Operation may be proved by any direct or circumstantial

evidence — as long as it is competent and meets the requisite

standards of proof." State v. George, 257 N.J. Super. 493, 497

(App. Div. 1992) (citations omitted). Courts have consistently

adopted a practical and broad interpretation of the term

"operation" in order to express fully the meaning of the

statute. Tischio, supra, 107 N.J. at 513; State v. Morris, 262

N.J. Super. 413, 417 (App. Div. 1993).

 The Court first discussed the scope of "operation" in State

v. Sweeney, 40 N.J. 359, 360-61 (1963). In affirming the

defendant's conviction, the Court held:

 [A] person "operates" — or for that matter,
 "drives" — a motor vehicle under the influence
 of intoxicating liquor, within the
 meaning of N.J.S.A. 39:4-50 . . . when, in
 that condition, he enters a stationary
 vehicle, on a public highway or in a place
 devoted to public use, turns on the ignition,
 starts and maintains the motor in operation
 and remains in the driver's seat behind the
 steering wheel, with the intent to move the
 vehicle[.]

 [Ibid.]

Evidence of "intent to move the vehicle" satisfies the statutory

requirement of operation so that actual movement is not

required. Id. at 361.

 9 A-2570-15T2
 Here, we find no basis for error in the Law Division

convictions. First, the judge found there was sufficient credible

evidence which supported the finding that defendant operated the

vehicle. We agree. When approached by the officer outside of the

vehicle, defendant smelled of alcohol, had bloodshot eyes, and

seemed dazed. In addition, two residents testified that they

witnessed defendant slumped over the steering wheel in the driver's

seat with the engine running. One of the residents also testified

to assisting defendant out of the driver's side of the vehicle.

There was ample credible evidence to support that defendant

operated the vehicle beyond a reasonable doubt.

 The record similarly supports the judge's finding that

defendant refused to submit a breath test. The four elements

necessary to sustain a conviction for refusal to submit a breath

test are:

 (1) the arresting officer had probable cause
 to believe that defendant had been driving or
 was in actual physical control of a motor
 vehicle while under the influence of alcohol
 or drugs; (2) defendant was arrested for
 driving while intoxicated; (3) the officer
 requested defendant to submit to a chemical
 breath test and informed defendant of the
 consequence of not doing so; and (4) defendant
 thereafter refused to submit to the test.

 [State v. Marquez, 202 N.J. 485, 503 (2010);
 N.J.S.A. 39:4-50.4a].

 10 A-2570-15T2
 When a defendant is informed of their right regarding breath

test for blood-alcohol content, "anything substantially short of

unauthorized, unequivocal assent to the officer's request that the

arrested motorist take the test constitutes a refusal to do so."

Liberatore, supra, 293 N.J. Super. at 588-89. An officer must

only read the second statement of the consequences of refusal if

the suspected motorist gives an ambiguous or conditional answer

short of an unequivocal "yes." See N.J.S.A. 39:4-50.2(e).

 The record reflects that the officer read defendant the first

nine paragraphs of the Attorney General Standard Statement for

Operating Vehicles, which advised her of the statutory requirement

to submit to a breath test. In response, defendant responded "no"

and shook her head as indicative of her response. The judge found

the officer's testimony to be credible and was corroborated by the

police report in evidence. Given our review of the record and our

standard of review, we find no reason to disturb the judge's

determinations.

 We briefly respond to defendant's arguments relating to

ineffective assistance of counsel. To establish ineffective

assistance of counsel, a defendant bears the heavy burden of

proving two essential elements: (1) that trial counsel "performed

below a level of reasonable competence"; (2) "a reasonable

probability that, but for counsel's unprofessional errors, the

 11 A-2570-15T2
result of the proceeding would have been different." State v.

Fritz, 105 N.J. 42, 60-61 (1987) (quoting Strickland v. Washington,

466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674, 698

(1984)). Our Supreme Court has expressed a preference for

resolving ineffective assistance of counsel claims on collateral

review. State v. Preciose, 129 N.J. 451, 459-60 (1992). However,

where the allegedly deficient conduct is a matter wholly within

the trial record, an appellate court may review the claim on direct

appeal. State v. Castagna, 187 N.J. 293, 313 (2006) (citing Allah,

supra, 170 N.J. at 285). Here, since defendant's claim of

ineffective assistance of counsel rests upon evidence, such as

failure to investigate, lies outside the record, it is not ripe

for direct review.

 Instead, "[i]ssues of ineffective assistance that require the

presentation of evidence lying outside the trial record are best

preserved for the [post-conviction relief] stage." Preciose,

supra, 129 N.J. at 460; State v. Hess, 207 N.J. 123, 145 (2011);

State v. Dixon, 125 N.J. 223, 262 (1991). Typically, a "defendant

must develop a record at a hearing at which counsel can explain

the reasons for his conduct and inaction and at which the trial

judge can rule upon the claims including the issue of prejudice."

State v. Sparano, 249 N.J. Super. 411, 419 (1991). Thus, "a [post-

conviction relief] proceeding would be the appropriate forum to

 12 A-2570-15T2
evaluate the strategy of defendant's trial counsel . . . and other

issues requiring information that is not in the record before the

[c]ourt." State v. McDonald, 211 N.J. 4, 30 (2012). For these

reasons, we decline to address defendant's ineffective assistance

of counsel claims and preserve them for post-conviction relief.

 Defendant's remaining arguments lack sufficient merit to

warrant discussion in a written opinion. R. 2:11-3(e)(2).

 Affirmed.

 13 A-2570-15T2