**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2257-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHRISTOPHER G. COSTA,

    Defendant-Appellant.

_____

> Submitted November 19, 2019 – Decided December 2, 2019
>
> Before Judges Fisher and Rose.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Municipal Appeal No. 16-18.
>
> Jacobs & Barbone, PA, attorneys for appellant (Louis Michael Barbone, on the brief).
>
> Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John Joseph Santoliquido, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a trial de novo in the Law Division, defendant Christopher Costa appeals his conviction for driving while intoxicated (DWI), N.J.S.A. 39:4–50. We affirm.

We derive the straightforward facts from the trial record. In the early morning hours of February 14, 2017, a Northfield police officer was on patrol when he noticed a white pickup truck parked "a few feet away from . . . the curb[,]" in a spot of the otherwise empty lot of a restaurant that had closed at least two hours earlier. Although the officer could not remember for certain whether the truck's lights were illuminated, he recalled the motor was running, and defendant was seated in the driver's seat.

Upon approaching the truck, the officer noticed defendant "appeared to be sleeping. His eyes were closed and his head was looking down." Defendant was the sole occupant of the vehicle; an empty beer can was present in the center console. The officer detected an odor of alcohol emanating from the vehicle and defendant's breath. Defendant admitted he had consumed a "couple of beers" at a casino in Atlantic City then dropped off a friend. The officer observed defendant to have slurred speech, and after he failed the field sobriety tests, he was transported to police headquarters.

A-2257-18T4

At approximately 2:18 a.m., following defendant's consent to submit to a breath sample, and waiting the requisite twenty-minute observational period,[1] the officer administered the Alcotest to defendant. The test revealed a .17% blood alcohol content (BAC), well above the per se limit for intoxication prescribed by N.J.S.A. 39:4-50(a)(1)(ii).

The municipal court conducted a one-day trial, at which the arresting officer testified on behalf of the State. The officer had participated in hundreds of DWI stops. Among other things, he was certified in field sobriety tests and administration of the Alcotest. The State also introduced in evidence documents and a video of the field sobriety tests. Defendant did not testify nor present the testimony of any witnesses. At the conclusion of the trial, the judge requested written summations and briefs from counsel, solely as to the issue of operation – defense counsel having conceded the "[b]reathalyzer or results" thereof were no longer at issue. The municipal judge issued an oral decision finding defendant guilty of DWI, and imposed the minimum fines and penalties for a first offense.

---

[1] See State v. Chun, 194 N.J. 54, 79 (2008) (stating that an operator must wait twenty minutes from the time of arrest to obtain a breath sample, and for those minutes, the suspect must be observed to ensure that he did not, for example, regurgitate and thus increase the level of mouth alcohol, which would taint the reading).

Following a trial de novo in the Law Division, Judge Jeffrey J. Waldman issued a thorough written decision, also finding defendant guilty of DWI and imposing the same sentence as the municipal court. This appeal followed.

On appeal defendant presents the following points for our consideration:

POINT I

[OMITTED]

POINT II

THERE WAS INSUFFICIENT CREDIBLE EVIDENCE IN THE RECORD TO FIND THE DEFENDANT GUILTY ON DE NOVO APPEAL; COMPARISON OF THE ACTUAL EVIDENCE TO THE COURT'S INDEPENDENT FINDINGS ESTABLISH OBVIOUS AND EXCEPTIONAL ERROR.

POINT III

THE DE NOVO COURT'S FINDINGS OF LAW WERE ERRONEOUS AS THE STATE NEVER PROVED ANY CONTINUOUS OPERATION OF THE DEFENDANT'S MOTOR VEHICLE WHICH WOULD SUPPORT CIRCUMSTANTIAL EVIDENCE OF GUILT.

POINT IV

THE STATE NEVER ESTABLISHED BY ANY EVIDENCE THAT THE ALCOTEST WAS GIVEN WITHIN A "REASONABLE TIME" OF THE DEFENDANT'S MOTOR VEHICLE OPERATION.

4

We reject these contentions and affirm substantially for the reasons set forth in Judge Waldman's well-reasoned opinion. We add the following brief remarks.

On appeal from a municipal court to the Law Division, the review is de novo on the record. R. 3:23-8(a)(2). The Law Division judge must make independent findings of fact and conclusions of law but defers to the municipal court's credibility findings. State v. Robertson, 228 N.J. 138, 147 (2017).

Unlike the Law Division, however, we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471-72 (1999). Our "standard of review of a de novo verdict after a municipal court trial is to determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole." State v. Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (internal quotation marks and citation omitted).

The rule of deference is more compelling where, as here, the municipal and Law Division judges made concurrent findings. Locurto, 157 N.J. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. "Therefore, appellate review of the factual and credibility findings of the

municipal court and the Law Division 'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470).

Unless there is an obvious and exceptional showing of error, we will not disturb the Law Division's findings when the municipal court and Law Division "have entered concurrent judgments on purely factual issues." Ibid. (citing Locurto, 157 N.J. at 474). But, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

"[A] person who operates a motor vehicle while under the influence of intoxicating liquor . . . or operates a motor vehicle with a blood alcohol concentration of 0.08% or more by weight of alcohol in the defendant's blood" is guilty of DWI. N.J.S.A. 39:4-50(a). The term "operate" as used in N.J.S.A. 39:4-50(a) has been broadly interpreted. State v. Tischio, 107 N.J. 504, 513 (1987); State v. Mulcahy, 107 N.J. 467, 478-79 (1987). There are three ways to prove "operation": (1) "actual observation of the defendant driving while intoxicated," (2) "observation of the defendant in or out of the vehicle under circumstances indicating that the defendant had been driving while intoxicated," or (3) admission by the defendant. Ebert, 377 N.J. Super. at 10-11. "Operation may be proved by any direct or circumstantial evidence -- as long as it is

competent and meets the requisite standards of proof." State v. George, 257 N.J. Super. 493, 497 (App. Div. 1992).

Based on those principles and our review of the record, we are satisfied Judge Waldman's finding of guilt reasonably was reached on sufficient, credible evidence present in the record. In the wee hours of the morning, the officer observed defendant sleeping in the driver's seat of his vehicle, with the engine running, "parked somewhat haphazardly in the parking lot" of a restaurant that long had been closed. Defendant emitted an odor of alcohol, an empty can of beer was located in the center console of the truck, and he admitted drinking a "couple of beers" in Atlantic City before he drove to Northfield. No other occupants – who could have driven the truck to Northfield – were present. Defendant's speech was slurred, he failed the field sobriety tests, and his BAC was above the legal limit. The totality of those circumstances amply supports Judge Waldman's determination that defendant's physical appearance "and results of the field sobriety tests, provide[d] circumstantial evidence" beyond a reasonable doubt "that defendant was already intoxicated when he drove to the parking lot at [the restaurant]." See State v. Moore, 181 N.J. 40, 46 (2004).

To the extent not addressed, defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-2257-18T4