**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0427-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

THOMAS J. MULLIGAN,

     Defendant-Appellant.

_____

Submitted October 23, 2025 – Decided December 31, 2025

Before Judges Mawla and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Municipal Appeal No. 22-35.

Levow DWI Law, PC, attorneys for appellant (Evan M. Levow, of counsel and on the brief; Keith G. Napolitano Jr., on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Ian Kennedy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Thomas J. Mulligan appeals from Law Division's September 25, 2023 order convicting him of driving while intoxicated (DWI), N.J.S.A. 39:4-50. On appeal, defendant challenges only the DWI conviction, raising the following arguments for our consideration:

> POINT I – [DEFENDANT] WAS NOT OPERATING HIS MOTOR VEHICLE DESPITE INSTINCTIVELY TURNING HIS VEHICLE ON AFTER RETURNING TO IT TO RETRIEVE HIS CIGARETTES.
>
> POINT II – EVEN IF [DEFENDANT] WAS FOUND TO BE OPERATING HIS VEHICLE HE DID NOT DO SO IN AN IMPAIRED STATE.

We have considered these arguments in light of the record and applicable legal principles and affirm the judgment of conviction, substantially for the reasons expressed in Judge Christopher R. Kazlau's cogent written statement of reasons accompanying the order.

We briefly summarize the facts gleaned from the record. Prior to municipal court trial, the parties stipulated to the admission of the following evidence: (1) Mahwah Police Officer Klaus Stewen's observation, upon arriving at defendant's home, he saw defendant turn off the engine and exit the vehicle; (2) the motor vehicle recording (MVR) from Mahwah Police Officer Jonathan Weber's patrol vehicle; and (3) the 9-1-1 call made by Vadim Morin.

A-0427-23

At trial, Morin testified, at approximately 12:30 p.m. on August 13, 2020, as a traffic light turned green and he proceeded to turn onto Miller Road from Franklin Turnpike, he heard a "bump" and, while still in motion, heard a second bump. He looked into his driver's side mirror and described the driver as having a "white head." However, Morin was unable to determine the driver's gender. When Morin pulled his vehicle over, the driver of a black sports utility vehicle (SUV) proceeded past his vehicle.

Morin followed the SUV, called 9-1-1, and reported the SUV's license plate number to the dispatcher. He pulled into a bank parking lot on Route 17 and informed the dispatcher of his location. Officer Weber was dispatched to his location and interviewed Morin for about ten minutes. During the interview, Officer Weber observed damage to the rear of Morin's vehicle.

After police ran the license plate, they discovered the SUV was registered to defendant. Officer Stewen testified he responded to a radio call regarding the hit-and-run accident. He arrived at defendant's home at approximately 12:47 p.m. and observed a black SUV parked in the driveway. As Officer Stewen approached the rear of his patrol car, he saw defendant seated in the driver's seat of the SUV, with the engine running. Defendant opened the SUV's door, turned off the engine, exited the SUV, and proceeded to walk into the open garage.

3

Officer Stewen followed defendant into the threshold of the garage and engaged him. Defendant stated he had not been involved in an accident.

After interviewing Morin, Officer Weber arrived at defendant's home "three to five minutes" later. Upon his arrival, the officers led defendant from the garage into the street, where their interaction was recorded by the MVR in Officer Weber's patrol vehicle. During the questioning, defendant admitted to consuming alcohol "earlier that morning." In response to further questioning, defendant admitted he had come from the grocery store and had turned right on Miller Road when driving home. Officer Weber also observed defendant's SUV had sustained "front[-]end damage."

Defendant was subsequently charged with: operating a vehicle under the influence of liquor or drugs, N.J.S.A. 39:4-50; leaving the scene of an accident involving property damage, N.J.S.A. 39:4-129(b); failure to report an accident, N.J.S.A. 39:4-130; and careless driving, N.J.S.A. 39:4-97. At trial, the parties stipulated a breathalyzer was administered to defendant around 2:00 p.m., which yielded a .30% result. The parties further stipulated defendant was intoxicated during his interaction with the officers.

Defendant testified in his defense. According to defendant, he arrived at his residence at approximately 12:30 p.m. He had been home for about fifteen

4

minutes before Officer Stewen arrived. During that time, defendant claimed he entered his home and "chug[ged] . . . a [full] pint of vodka . . . within a couple of minutes," allegedly to alleviate back pain sustained earlier that day while moving a washing machine for a friend. He then returned to his SUV to retrieve his cigarettes. On cross-examination, defendant admitted he was seated behind the wheel of his SUV when Officer Stewen approached him but did not recall starting the engine.

The municipal judge issued an oral opinion, finding defendant had "operated" the SUV while intoxicated. He found defendant's testimony inconsistent with his statements captured on the MVR and determined defendant's "unsupported assertion to . . . post-operation consumption . . . lack[ed] . . . credence that was what occurred." Accordingly, the judge found defendant guilty of DWI. The judge imposed an eight-year license suspension, twelve hours in the Intoxicated Driver Resource Center, two-year mandatory interlock installation upon reinstatement of defendant's license, as well as various fines, assessments, and court costs for a third DWI offense. The fines and penalties were stayed pending appeal to the Law Division.

Following a de novo trial based on the record developed in the municipal court, Judge Kazlau entered an order on September 25, 2023, finding defendant

guilty of DWI. In his accompanying statement of reasons, the judge cited the governing legal principles concerning the "operation" element of the DWI statute. The judge reasoned the State satisfied its burden and proved defendant operated his SUV, specifically reciting two facts from the record: (1) defendant admitted he drove home from Acme and turned right on Miller Road, and (2) Officer Stewen observed defendant seated behind the wheel with the engine running. Citing State v. Thompson, 462 N.J. Super. 370 (App. Div. 2020), the judge reasoned under the totality of the facts—including the defendant's admission, police observations, and the stipulated evidence—there was sufficient proof to establish defendant operated his vehicle while under the influence.

The judge also deferred to the municipal judge's credibility determination, finding defendant's testimony—specifically his claims he lacked the intent to drive, went to his SUV only to retrieve his cigarettes, and turned on the SUV out of habit—lacked credibility. Upon reviewing the evidence in its entirety, the judge found defendant's assertion of post-operation intoxication was "unverified and uncorroborated."

"Our role in an appeal such as this one is limited, in that we 'consider only the action of the Law Division and not that of the municipal court.'" State v.

6

Adubato, 420 N.J. Super. 167, 175-76 (App. Div. 2011) (quoting State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001)).  Furthermore, "[u]nder the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error."  State v. Locurto, 157 N.J. 463, 474 (1999).

Contrary to defendant's argument, the judge properly concluded the State met its burden.  Defendant attempts to distinguish the circumstances of his SUV being in his private driveway from situations involving a driver in a running vehicle parked by the curb on a public street, as in State v. Sweeney, 40 N.J. 359, 360-61 (1963), or when the police encountered a defendant stopped in a parking lot with the headlights on and engine running, as in State v. George, 257 N.J. Super. 493, 496-97 (App. Div. 1992).  However, these distinctions do not undermine the judge's finding, as the totality of evidence supported the conclusion defendant had "operated" the vehicle while intoxicated within the meaning of the statue.

It is well-settled that "operation" may be found from evidence that would reveal "a defendant's intent to operate a motor vehicle."  State v. Tischio, 107 N.J. 504, 513-14 (1987).  "Operation may be proved by any direct or

A-0427-23

circumstantial evidence—as long as it is competent and meets the requisite standards of proof." State v. Ebert, 377 N.J. Super. 1, 10 (App. Div. 2005) (quoting George, 257 N.J. Super. at 497). Lastly, "operation" may also be established "by observation of the defendant in or out of the vehicle under circumstances indicating that the defendant had been driving while intoxicated . . . or by admission." Ebert, 377 N.J. Super. at 11 (citations omitted).

The record undercuts defendant's arguments the State did not prove operation beyond a reasonable doubt because his SUV was in his driveway. We are satisfied the judge's findings of fact and conclusions of law are supported by the evidence adduced at trial. The record established defendant operated his SUV within the meaning of N.J.S.A. 39:4-50(a) while under the influence of alcohol.

Any other arguments we have not specifically addressed lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

8